UNITED STATES, Appellee

v

MILTON E. GRAY, Private, U. S. Army, Appellant

No. 26,814

August 24, 1973

*Captain Joseph J. Aronica* argued the cause for Appellant, Accused. With him on the brief was *Colonel Arnold I. Melnick,* and *Lieutenant Colonel Edward S. Adamkewicz, Jr.*

*Captain Horace M. MacMillan, II,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,* and *Captain Richard L. Menson.*

## OPINION OF THE COURT

DUNCAN, Judge:

Review of the granted issues calls for our examination of two questions: (1) whether appellant's right to a speedy trial was denied by a 122-day pretrial delay, and (2) whether appellant's right to speedy appellate review was disregarded by a 212-day post-trial delay. The appellant urges that his lawful right to each was denied and that all charges should be dismissed.

Consistent with his plea, Gray was convicted by a general court-martial of three specifications of wrongful possession of heroin, three specifications of wrongful solicitation to purchase and possess heroin, two specifications of wrongful sale of heroin, and one specification each of wrongful use of heroin, wrongful introduction of heroin onto a military post, and conspiracy to sell heroin, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for 20 years, total forfeitures, and reduction to the grade of Private E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for dishonorable discharge, total forfeitures, confinement at hard labor for 3 years, and reduction to the lowest en-

listed grade. The Court of Military Review affirmed the findings and sentence.

## I

At trial appellant moved that all charges and specifications be dismissed for lack of a speedy trial. The Government introduced a chronology of events prior to trial to which both parties had stipulated. Trial defense counsel testified in attempt to explain and to justify delays claimed to be attributable to appellant. The military judge denied the motion. The chronology is set out in the Appendix to this opinion.

The offenses and trial of the instant case occurred prior to December 17, 1971, the date we decided United States v Burton, 21 USCMA 112, 44 CMR 166 (1971). In evaluating speedy trial issues from that date forward we stated:

[I]n the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. In such cases, this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.

21 USCMA at 118, 44 CMR at 172. Accordingly, we must proceed on the basis of a pre-*Burton* rationale.

■ Analyzing the stipulated chronology and record of trial, we believe that the Government proceeded with reasonable diligence in bringing appellant to trial. From the chronology it is clear that most of the pretrial processing time was the result of an involved and time-consuming Article 32 investigation, December 9, 1970 to March 9, 1971. Several factors contributed to the length of this investigation. In a number of instances witnesses were unavailable to testify: Steven Spears, a drug addict, was in the hospital and according to his physician unavailable to testify when called; Staff Sergeant Reyes stated that he was afraid to go to the stockade and did not appear

to testify when called;[1] another witness was AWOL when called and this caused delay. As testimony unfolded at the Article 32 investigation, evidence of additional offenses committed by appellant was disclosed which after investigation precipitated additional charges being preferred against him.[2] There is no evidence that the information regarding these offenses was within the knowledge of the Government prior to the Article 32 hearing. Paragraph 30*g*, Manual for Courts-Martial, United States, 1969 (Rev.), mandates that the charges against an accused ordinarily should be tried at a single trial. The criminal acts committed by appellant occurred on a number of different dates, at various places, and necessitated a complex investigation.

Several of the witnesses testifying at the Article 32 investigation who had purchased drugs from appellant had to be given immunity before they would testify; therefore, these witnesses were called both before and after they were given immunity. An additional delay in the Article 32 investigation was caused by the need for a laboratory analysis of the suspected heroin, reflected in the entries of November 20, 25, and December 23, 1970, which had to be done at Fort Gordon, Georgia. The only long period of inactivity in bringing appellant to trial was the delay of approximately 2 weeks caused by trial defense counsel's taking leave during the Article 32 investigation. Nothing in the record of trial indicates a purposeful or oppressive design on the part of the Government to delay the trial. United States v Parish, 17 USCMA 411, 38 CMR 209 (1968).

The Government is entitled to use reasonable amounts of time in marshaling the evidence against an accused. United States v Mladjen, 19 USCMA 159, 41 CMR 159 (1969); United States v McKenzie, 14 USCMA 361, 34 CMR 141 (1964). It may well be that the Government could have moved the case forward to trial more quickly. That could be said

---

[1] Although the reason for Reyes' initial reluctancy to testify is not clear, it appears that because of his alleged involvement in a drug transaction with the appellant, he feared confinement.

[2] Ten specifications were investigated at the Article 32 investigation and nine were referred to trial by the convening authority.

of most prosecutions. But reference to cases cited above informs us that such is not the test. Our review of the record leads us to the conclusion that under these circumstances the appellant was not unlawfully denied codal or constitutional rights to an expeditious trial. See also Barker v Wingo, 407 US 514 (1972).

## II

Appellant was tried and found guilty on March 22, 1971. On July 19, 1971, the record of trial was authenticated by the military judge. The convening authority acted on October 20, 1971. The 212-day post-trial delay is essentially unexplained and we view it as unreasonable.

This Court has ruled that before ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings. See United States v Timmons, 22 USCMA 226, 46 CMR 226 (1973), and cases cited therein.

■ Although the post-trial delay in the case at bar is deplorable and unreasonable, the absence of prejudicial error places this case in the category of those cases mentioned above, not requiring relief for excessive post-trial delay. As we stated in *Timmons*, supra:

The Uniform Code provides one means of insuring against unnecessary delay in the disposition of a case, Article 98, UCMJ, 10 USC § 898, while this Court stands prepared to terminate the delay itself, upon timely request for relief.

. .   .   .   .   .

Whatever reason might exist to deplore post-trial delay generally, we are loathe to declare that valid trial proceedings are invalid solely because of delays in the criminal process after trial.

22 USCMA at 228, 46 CMR at 228.

We affirm the decision of the Court of Military Review.

Chief Judge DARDEN and Judge QUINN concur.

## APPENDIX

| DATE | EVENT |
| --- | --- |
| 19 Nov 1970 | Date of last offense. |
| 20 Nov | Accused placed in pretrial confinement. Laboratory examination requested. |
| 20 Nov–25 Nov | Charges investigated by Captain Robert D. Hulshauser, the accused's company commander. |
| 25 Nov | Specimens for analysis received Fort Gordon, Ga. |
| 26 Nov–29 Nov | Thanksgiving Holiday. |
| 1 Dec 1970 | Captain Hulshauser brought original tentative charges to Post Judge Advocate's office to check for technical correctness. |
| 3 Dec | Original charges sworn and accused informed of original charges. |
| 4 Dec | Original charges forwarded with recommendations to 519th Military Police Battalion. |
| 7 Dec | Original charges forwarded with recommendations by Commander, 519th Military Police Battalion to Headquarters 14th Military Police Group. |
| 8 Dec | Original charges received Headquarters 14th Military Police Group. |
| 9 Dec | Captain Daniel J. Mathis appointed Article 32 Investigating Officer. |
| 10 Dec | Captain Mathis briefed in office of Post Judge Advocate by Chief of Military Justice. Captain Mathis proceeded to |

| Date | Event |
|---|---|
| | the stockade to discover the desires of the accused regarding counsel. Accused requested Captain Bruce Robinson. |
| 11 Dec | Captain Robinson determined not available. Captain Robert Bogan appointed as counsel. Captain Mathis determined that Captain Bogan would be available on 14 December 1970 at earliest for Article 32 investigation. |
| 14 Dec | First session Article 32 Investigation held. |
| 15 Dec | Additional Charge I sworn and forwarded. Captain Bogan requested investigation be postponed until 18 Dec 70. |
| 16 Dec | Additional Charge I referred to Article 32 officer for investigation. |
| 18 Dec | Two primary Government witnesses unable to appear. Article 32 investigation postponed until 21 Dec 70. |
| 21 Dec | Second session of Article 32 investigation held. |
| 23 Dec | Third session of Article 32 investigation held. Lab Report sent back to Fort Meade. |
| 25–27 Dec | Christmas weekend. |
| 30 Dec 70–3 Jan 71 | New Year's weekend. |

| DATE | EVENT |
|---|---|
| 1971: | |
| 5 Jan | Fourth session of Article 32 investigation held. |
| 7 Jan | Fifth session of Article 32 investigation held. |
| 8 Jan | Determined that primary Government witness in hospital. |
| 11 Jan | Next session of Article 32 investigation set to meet at hospital on 13 January 1971. |
| 13 Jan | Next session postponed until 14 Jan 71 due to unavailability of witness. |
| 14 Jan | Sixth session of Article 32 investigation held. Captain Clark requested delay until 17 January 1971. |
| 17 Jan | Captain Clark requested delay until 19 Jan 71. |
| 19 Jan | Seventh session of Article 32 investigation held. Next session scheduled for 22 Jan 71. |
| 22 Jan | Article 32 investigation postponed until 27 Jan 71 at Captain Bogan's request. |
| 25 Jan | Additional Charge II sworn. |
| 26 Jan | Additional Charge II forwarded to 519th Military Police Battalion and forwarded on to 14th Military Police Group. Additional Charge II referred to Article 32 officer for investigation. |
| 27 Jan | Eighth session of Article 32 investigation held. Additional Charge III sworn, forwarded, and referred to Article 32 officer for investigation. |
| 29 Jan | Ninth session of Article 32 investigation held. Article 32 investigation closed. |
| 29 Jan–3 Feb | Article 32 report prepared. |

| | | | |
|---|---|---|---|
| 5 Feb | Article 32 report forwarded to office of Post Judge Advocate with recommendations. | 3–8 Mar | 2nd Article 32 report prepared. |
| | | 9 Mar | 2nd Article 32 report forwarded to office of Post Judge Advocate with recommendations. |
| 8 Feb | Article 32 report received in the office of the Post Judge Advocate. | | |
| 12–28 Feb | Captain Bogan on leave. | 10 Mar | Article 32 report received in the office of the Post Judge Advocate. |
| 26 Feb | CGM convening authority's request for reopening of Article 32 because of return of witness sent to 14th Military Police Group. | 10–15 Mar | Pretrial advice prepared in draft. |
| | | 16–18 Mar | Pretrial advice put in final form. |
| | | 19 Mar | Case referred to trial. |
| 1 Mar | Tenth and final session of Article 32 investigation held. Article 32 closed. | 22 Mar | Date of trial. |